GRACE MUNCHHOFF, APPELLEE, V. GEORGE H. MERTEN, APPELLANT.

298 N. W. 140

FILED MAY 9, 1941. No. 30960.

*O'Sullivan & Southard*, for appellant.

*Crofoot, Fraser, Connolly & Stryker*, contra.

Heard before PAINE, CARTER and MESSMORE, JJ., and ELDRED and TEWELL, District Judges.

ELDRED, District Judge.

This is an action in equity by the plaintiff, Grace Munchhoff, against defendant, George H. Merten, her former attorney, for an accounting for funds advanced in connection with her property and affairs. Plaintiff in her petition alleges that defendant acted as her attorney for a number of years in matters connected with the management, title and ownership of property formerly owned by her deceased husband. Plaintiff alleges that on or about January 5, 1933, she delivered to defendant, as trustee, a check for $151.98; that on January 24, 1934, she paid defendant $800 to be held by him in trust; and that she advanced to the defendant at various times money for attorney's fees, court costs and expenditures in connection with the Joseph

W. Munchhoff estate, and matters in which he was acting as her attorney, amounting to approximately $1,373.45; and that said sum was more than sufficient to pay all legitimate attorney's fees, costs and expenses in connection with such matters.

Defendant's answer is a general denial.

Decree was entered December 8, 1939, and includes specific findings; by paragraph No. 4 of which the court finds that plaintiff paid defendant $250 out of a check for $823.45 received by her from the estate of Joseph W. Munchhoff, in part payment of widow's allowance, and received his receipt dated July 25, 1933; and by paragraph No. 5 the court finds that on January 24, 1934, plaintiff paid defendant $800 for the purpose of having him acquire for her the Clara M. Payson interest in certain property in Omaha; and by paragraph No. 6 finds that by said two items of $250 and $800 there was advanced to defendant by plaintiff a total of $1,050. There is a further finding that defendant has accounted for a part of said sum of $1,050 by payment of a number of small items specifically set forth therein, aggregating $397.71; that there remains a balance of $652.29 of such advances unaccounted for by defendant, which sum the court found plaintiff was entitled to recover with interest at 6 per cent. from date of same, aggregating $960.77. The trial court also made the following finding which is involved in this appeal:

"9. That the other items mentioned in the evidence in this case have to do with the probate proceedings in the estate of Joseph W. Munchhoff, deceased, and this court cannot sit in review upon credits, disbursements and allowances in the probate of the estate of Joseph W. Munchhoff, deceased, in this proceeding. That this court has no jurisdiction to examine or determine the matter of attorney fees allowed and paid in the Iowa and Nebraska probate proceedings of the estate of Joseph W. Munchhoff, deceased, or of the amount distributed to the heirs of such deceased or the source from where same was derived, or with regard to the payment of an amount to Walter E. Schroeder, or

the allowance of amounts to Carl C. Wilson and Jack Lewis, or the payment or source of payment of other claims allowed in such probate proceedings. That all of such matters are charges and credits and pertain to the Iowa and Nebraska probate proceedings in the estate of Joseph W. Munchhoff, deceased, and are not chargeable against the plaintiff in this action."

Judgment was entered for plaintiff against defendant for $960.77 with interest and costs. Defendant has appealed. No cross-appeal by plaintiff.

The intermingling by parties of the accounts pertaining to the probate proceedings in the estate of Joseph W. Munchhoff, deceased, in Douglas county, and the ancillary proceedings in Iowa, and partition proceedings had in Iowa, with the accounts between the defendant and the plaintiff in her individual capacity, has resulted in some involvement in the evidence in this case.

Appellant makes eight assignments of error. Numbers 1, 2 and 4 assign, in different phraseology, error in the court's finding number 4 wherein the court finds that plaintiff paid defendant $250 out of $823.45 received by her from the Iowa administrator of the estate of Joseph W. Munchhoff, deceased, in part payment of widow's allowance, and received receipt dated July 25, 1933. The following receipt was admitted in evidence as exhibit No. 3:

"July 25—1933

"Received of Gràce Munchhoff the sum of $250 for legal services rendered in case of Munchhoff vs. Munchhoff in the district court of Pottawattamie county, Iowa.

"George H. Merten"

The evidence is conflicting as to the source from which the money came out of which this $250, evidenced by exhibit No. 3 was derived. That question becomes important in determining whether it is an item included in the transactions between the defendant and the plaintiff in her personal capacity, and, hence, for consideration in this accounting; or whether it represented either an estate transaction handled through the probate court or an expense

of estate in partition proceedings in district court, and not proper to be considered in this case.

As to this payment, evidenced by receipt, exhibit No. 3, the plaintiff's testimony is convincing as to the making of the payment; she testified she did not get the receipt at the time of payment, but did later. The money was not sent to Mr. Merten; that she met him at the bank and the check was cashed, out of which the payment was made; and he said, "I need money bad; let me have $250;" and he counted out the money for himself. The check was for $550. Could not say date gave him the money. Would not say date on receipt was date she gave him the money. "Q. Is it a fact that there was no $550 item and what he got was $250 out of the $823.45 item? A. If it was out of that $823.45, I don't know it. I met him at the bank and he didn't explain it. Q. Did you get anything out of the $823.45, yourself? A. Not unless it was that $300, no. Q. Do you think now it was out of the $823.45 check that you got the $300 at the bank? A. I don't know."

Witness J. Leo Connolly, the administrator in the ancillary probate proceedings in Iowa, testified to the remittances made to Grace Munchhoff, the Nebraska administratrix, appellee herein; June 22, 1933, $823.45, November 6, 1933, $100, and when he closed the estate in November, 1933, $1,851.29. Checks were made payable to Grace Munchhoff; that these were the only remittances. The check for $823.45 was mailed to defendant but payable to plaintiff; that there was no check for $550. The defendant as a witness also testified that there was no such item as a $550 check.

Further reference to the evidence on this point would serve no useful purpose. The conclusion fairly to be deduced from this evidence is that there was no $550 check or payment. The trial court so found. With that finding we are in full accord.

That there was a payment to the defendant as evidenced by the receipt, exhibit No. 3, above set out, is equally clear. The receipt was made out by defendant, all in his own

handwriting, reciting the specific item for which payment purports to have been made; but as to this the defendant testifies: "I never received this $250 on July 25, 1933. * * * I never did receive such an amount from her. * * * That refers to these two checks I had received, $151.98 as attorney's fees, which is exhibit number 1, and I told Mrs. Munchhoff that I was charging $100 for services rendered in Council Bluffs, and then I gave this receipt on July 25, 1933, to cover these two items. * *.* Q. As I understand it, you contend now that the receipt for $250 covers exhibit number 1, which had been paid some seven months previously, and the $100 which had not yet been paid? A. Which had not been paid as yet, but which she consented to let me draw from Leo Connolly in Council Bluffs. Q. Can you explain why the amount of the receipt was $250, whereas the amount received was $251.98? A. Yes, sir. Q. How? A. Mrs. Munchhoff had been down town some time prior to this time, and she came in the office and said she was short of money, and asked me to let her have $2 and I gave her $2, two one dollar bills, and we took into consideration the $2 she hadn't paid back yet when I gave her this receipt, and called the bill square. Q. Can you explain why this receipt says, 'For legal services rendered in case of Munchhoff vs. Munchhoff, in the district court of Pottawattamie county, Iowa?' Is that correct? A. Well, this receipt was meant to cover both of those items, that is, the item of $151.98 for attorney's fees in the probate proceedings, and the $100 that Leo Connolly gave me for services rendered, so I just wrote it out, Munchhoff vs. Munchhoff. Q. But it is not strictly correct? A. No, not strictly correct."

Again, when the defendant was recalled to the witness-stand he testified as to the purpose of giving the receipt, exhibit No. 3, as follows: "Q. All right, what does that $250 receipt represent? A. That $250 receipt represents the $151.98 check she indorsed to me, she got it from Herman Munchhoff. Q. And what else does it represent? A. It represents the $100 that I got from Connolly. * * *

Q. And now you say the items making up the $250, receipt exhibit No. 3, did not contain at all any reference to any $2 cash item? A. No, not that I recall, that should have been if we had had that check, that should have been $251 and some cents over, that check, but neither one of us knew the exact amount of that check so I made it roughly $250." The receipt written by defendant himself recites the purpose for which it is given; that is dated July 25, 1933. He testified that was "not strictly correct;" and explains the purpose as intending to represent the payment made by check dated December 10, 1932, more than seven months prior to the receipt of $151.98, which, according to plaintiff, was given to start a trust account for the estate, and which check is indorsed, "George H. Merten, Trustee;" but which the defendant contends was fee for legal services rendered estate in Pottawattamie county, Iowa; and to further represent $100 on account of attorney's fees which he expected to collect from J. Leo Connolly of Council Bluffs on account of plaintiff, but which was not received until November 7, 1933, more than three months after the giving of the receipt. The excess of $1.98 in figures is accounted for by statement that some time prior thereto, the date not given, he had let Mrs. Munchhoff have $2 and "called the bill square." By his later testimony the receipt, exhibit No. 3, is accounted for without any reference to a $2 item. The testimony of the witness on the two occasions could not both be correct; and there appears such an implausibility as to detract from the credibility of the explanations made by the defendant in accounting for the giving of the receipt. This testimony of the defendant as to the purpose for which the receipt was given is denied by the plaintiff on rebuttal.

That the plaintiff received check, exhibit No. 2, for $823.45 from the Iowa administrator of the estate of Joseph W. Munchhoff, deceased, on or about June 22, 1933, in part payment of the widow's allowance authorized by the county court, is not questioned herein. The trial court finds: "That out of such funds the plaintiff paid to the

defendant $250 and received his receipt dated July 25, 1933." While it is true, as urged by defendant in his brief, that the plaintiff did not directly testify that the $250 came out of the $823.45 check, it was her thought that it came out of a $550 check, yet it seems she was mistaken in that; and at the close of a long and thorough examination she testified: "Q. Do you think now it was out of the $823.45 check that you got the $300 at the bank? A. I don't know."

That plaintiff made defendant a payment of $250 at one time is conclusive. That they were at the bank together on at least one occasion is clear. The $823.45 check which was payable to the plaintiff was delivered to the defendant. It bears defendant's indorsement. The $823.45 had been received a little more than a month before the receipt is dated. The trial court concluded that the $250 was not paid from a $550 check; and further rejected the contention of the defendant that the receipt was given to cover items testified to by him. While this court on trial *de novo* has formed its own conclusion from the evidence, the fact that the trial court had the benefit of seeing the witnesses and hearing them testify cannot be overlooked. The trial court found the $250 was paid by the plaintiff to defendant out of the proceeds of the check of $823.45 received by her as a part payment of the widow's allowance. This court likewise so finds.

Fifth, defendant assigns error on the part of the court in refusing to take jurisdiction of seven items for which the defendant claims he is entitled to credit, for the reason stated in paragraph 9 of its decree heretofore set out. The items referred to are as follows: (1) April 2, 1932, $10; (2) July 14, 1934, $15; (3) August 21, 1934, $105; (4) January 26, 1935, $105.27; (5) April 21, 1938, $20; (6) December, 1933, $100; (7) December, 1934, $170.

With the exception of item No. 5 all the amounts above specified were paid out and expended for costs, expenses or disbursements made in estate matters and were considered in the probate proceedings or in the partition pro-

ceedings had in Iowa in the distribution of the estate and under the jurisdiction of the courts where those proceedings were pending; and the trial court determined such items were not chargeable against the plaintiff, personally, in this action and were matters for adjustment in those courts. Appellant urges: "When a court of equity has acquired jurisdiction of a cause for any purpose, it may retain it for all purposes, and proceed to a determination of all the matters put in issue by the pleadings." Many authorities are cited in support of defendant's contention, all of which have been examined. There is no controversy as to the rule relied upon by appellant as announced in those cases; but such rule may not be extended to justify a trial court in an action such as this (a suit by plaintiff in her personal capacity against her attorney for an accounting) in assuming jurisdiction to determine items having to do with the probate proceedings in the matter of the estate of her deceased husband, or review the action of the court in such proceedings, to examine or determine the matters of attorney's fees, costs, expenses and disbursements made, and charges and credits in the probate proceedings in Iowa and Nebraska, or the distribution of the estate in said proceedings or in the partition proceedings brought in Iowa for the distribution thereof. If any such items were owing defendant they were not chargeable against plaintiff personally. The district court was right in not taking the items specified into consideration in making the accounting.

As to item No. 5 in the list, that is, "April 21, 1938, $20," a different situation exists; that appears to have been for money loaned plaintiff personally by defendant, and was an item for which defendant is entitled to be credited in the accounting in this case.

The third assignment of error goes to the ultimate fact as to the amount found due; while assignments 6, 7 and 8 assign error in overruling motion for new trial, and that findings and decree are contrary to the evidence and contrary to law.

On trial *de novo* the court finds that on or about the 25th day of July, 1933, the plaintiff paid defendant $250 out of the proceeds of a check of $823.45, which was received by her as a part of her widow's allowance; and that on or about January 24, 1934, plaintiff paid defendant $800 to be held in trust until agreement consummated for purchase of interest of Mrs. Payson in certain property in Omaha; that said agreement was never consummated; and that there was a total amount of $1,050 advanced by plaintiff to defendant and for which she is entitled to an accounting; that defendant has paid to plaintiff, or at her request, and in her behalf, all of the several items set out in finding No. 6 of the decree of the district court, aggregating $397.71, for which defendant is entitled to credit; and, also, that on or about April 21, 1938, defendant paid plaintiff the further sum of $20, for which defendant is entitled to credit, making total credit of $417.71, which deducted from the amount advanced, $1,050, leaves a balance unaccounted for of $632.29; that plaintiff is entitled to interest at 6 per cent. per annum on the balance remaining due from time to time after allowing the several credits to which the defendant is found entitled, which balance and interest aggregates $898.24, as of the date of the decree of the district court, December 8, 1939, from which date it should bear interest at 6 per cent. per annum. The decree of the district court is modified by reducing the amount of the decree to conform to the findings of this court, and, as so modified, the decree of the district court is

AFFIRMED AS MODIFIED.